(C.R.D. 71-4)

C. L. HUTCHINS & Co., INC.
IMPERIAL RUG MILLS, INC. } v. UNITED STATES

(67 Cust. Ct. 60, C.D. 4252)

Port of San Diego, protest 67/25245 on rags and scrap cordage

(Dated August 12, 1971)

*Glad & Tuttle* for the plaintiffs.
*L. Patrick Gray, III*, Assistant Attorney General, for the defendant.

RAO, Chief Judge: Defendant has moved, under Rule 4.7(b) of the Rules of this Court, to dismiss the above-entitled action on the ground that the court lacks jurisdiction to adjudicate the claim, (1) because the protest involved a claim for an allowance for excessive impurities but protestant did not file an application for such allow-

---

ance on Customs Form 4317 as required by section 15.7(a) of the Customs Regulations, as amended, and (2) because the complaint raises a new claim of improper classification of the merchandise which is alleged to be unrelated to the administrative decision made in connection with the protest, and therefore not within the jurisdiction of the court under section 2632(d) of Title 28, U.S.C., as amended.

While section 15.7(a) of the Customs Regulations, as amended, is a mandatory regulation, since it was promulgated under a specific provision of the statute (section 507 of the Tariff Act of 1930), failure to comply therewith does not deprive the court of jurisdiction over the protest. In the cases cited by defendant (*Velsicol Chemical Corp. v. United States*, 60 Cust. Ct. 249, C.D. 3346, 283 F. Supp. 93 (1968); *Cinder Products Corporation v. United States*, 52 Cust. Ct. 49, C.D. 2434 (1964), the protests were dismissed and recovery denied due to failure to satisfy the regulations and not for lack of jurisdiction of the court. In order to prevail in this situation, plaintiffs must prove compliance with the regulations or that they are unreasonable or contrary to the statute. Failure to comply is not the only ground upon which the court may decide the case. *Standard Oil Company of New Jersey v. United States*, 32 CCPA 190, C.A.D. 306 (1945); *Socony Vacuum Oil Co., Inc. v. United States*, 44 CCPA 83, 87–88, C.A.D. 641 (1957).

I conclude that in the instant case, the court has jurisdiction over the claims raised in the original protest.

Defendant contends, however, that the claim now raised in the complaint confers no jurisdiction on the court because it is unrelated to the administrative decision referred to in the protest.

The protest claims:

> Excessive duties were assessed herein. No allowance was made in the computation of the dutiable weight of the merchandise for the weight of the overage which consisted of dirt and other foreign particles.

The complaint claims that the merchandise, described on the invoices as "wool waste N.S.P.F." or "textile waste N.S.P.F." and classified under item 390.40 of the Tariff Schedules of the United States, as wool rags, is properly dutiable under item 793.00, as waste or scrap, not specially provided for.

Sec. 2632(d) of the Customs Courts Act of 1970 provides:

> (d) The Customs Court, by rule, may consider any new ground in support of a civil action if the new ground (1) applies to the same merchandise that was the subject of the protest; and (2) is related to the same administrative decision or decisions listed in section 514 of the Tariff Act of 1930, as amended, that were contested in the protest.

The administrative decisions listed in section 514 are as follows:

(1) the appraised value of merchandise;

(2) the classification and rate and amount of duties chargeable;

(3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;

(4) the exclusion of merchandise from entry or delivery under any provision of the customs laws;

(5) the liquidation or reliquidation of an entry, or any modification thereof;

(6) the refusal to pay a claim for drawback; and

(7) the refusal to reliquidate an entry under section 520(c) of this Act

The claim in the complaint here falls within the second category since it involves the classification, rate and amount of duties chargeable. The claim in the protest falls within part of the same category since it contests the amount of duties chargeable, although for a different reason—failure to make an allowance.

In the House Report on the bill which became the Customs Courts Act of 1970 (House Report No. 91–1067, 91st Congress, 2nd session), it is stated that the requirement that the new ground raised in the Customs Court be related to the same administrative decision merely means that the new ground must fall within *the same category* as the decision contested in the protest. The report also refers to *United States* v. *Macksoud Importing Co. et al.*, 25 CCPA 44, T.D. 49041 (1937), and states:

> * * * In *Macksoud*, the importer protested the rate of duty at which his imported merchandise was assessed. Before trial, he moved to amend his protest by adding the claim that the merchandise, invoiced in Mexican dollars, had been improperly and incorrectly converted into U.S. dollars. The Court held that the provision for amendments permitted the presentation of new and additional claims which might have been made in the original protest as to the merchandise covered by that protest.
>
> The amended protest concerning the incorrect conversion of Mexican dollars into United States dollars clearly went to the amount of the duties chargeable to which the importer's original protest was taken. The same result would be reached under section 2632(d) of this bill.

In the instant case both the claim in the protest and that in the complaint concern the amount of the duties chargeable. The claim in the complaint could have been made in the original protest; it would have been allowed by way of amendment under the Tariff Act of 1930. CF. *Max Block & Co., Inc. et al.* v. *United States*, 65 Treas. Dec. 1560, Abstract 28178 (1934), referred to in the *Macksoud* case. There the protest claimed that certain pimientos were not dutiable at the rate assessed by the collector under paragraph 775 but were dutiable at

a different rate under that paragraph. It was held that the protest could properly be amended by the addition of a claim that "specific duties should have been assessed on the net weight of the pimientos, not including brine, oil, water, or other liquid."

While defendant asserts that a classification claim is unrelated to a claim for an allowance for dirt and other impurities, it does not aver that such claims do not fall within the same category of section 514, *supra*. In view of the judicial precedents under prior tariff acts and the legislative history of the Customs Courts Act of 1970, I conclude that Congress did not intend to deny the court jurisdiction where the new ground relates to the same merchandise and falls within the same category of administrative decision.

The reference in the House Report to decisions allowing amendments where it is clear that the basis of the protest was in the mind of the protestant at the time the protest was filed is not an indication that that element was intended as a restriction on the "new ground" allowed in section 2632 (d), *supra*. An analogous situation was referred to in the *Macksoud* case where the court stated (p. 53) :

> Section 518 of the Tariff Act of 1930 specifically provides that the United States Customs Court may, in its discretion and under such rules as it may prescribe, permit amendments to protests. It is obvious that it was the purpose of the Congress to permit such amendments only after the collector had lost, and the Customs Court had obtained, jurisdiction of such protests. Therefore, the Congress could not have contemplated that the averments contained in such amendments would aid the collector in reviewing his decision, or that the matter contained in such averments was in the mind of the protestant at the time the original protest was filed.

Accordingly, I hold that the court has jurisdiction of the claim set forth in the complaint. The motion to dismiss this action is denied.