(C.D. 4526)

GAF CORPORATION *v.* UNITED STATES

154

(Decided April 24, 1974)

*Glad, Tuttle & White* (*John McDougall* of counsel) for the plaintiff.
*Carla A. Hills,* Assistant Attorney General *(Robert B. Silverman* and *Andrew P. Vance,* trial attorneys), for the defendant.

FORD, Judge: This action challenges the propriety of customs in denying a drawback allowance on certain projection lenses. The merchandise in question is covered by two entries which were released to the importer on July 20, 1965 (entry 539) and July 29, 1965 (entry 769). The lenses were found not to conform to specifications and were returned to customs custody on December 22, 1965. The merchandise was laden on the SS Canada Mail under customs supervision on January 7, 1966 according to customs form 7539 forming part of the official papers which were received in evidence without being marked.

Drawback was denied by virtue of plaintiff's failure to return the merchandise to customs within 90 days of its release as required by section 313(c), Tariff Act of 1930, as amended, and by Customs Regulation § 22.33, or being granted permission for an extension of time to make such return as provided for in said regulation, *supra.*

The pertinent provisions of the statutes and regulations provide as follows:

Section 313, Tariff Act of 1930, 46 Stat. 694, as amended, 67 Stat. 515 (1953):

> (c) MERCHANDISE NOT CONFORMING TO SAMPLE OR SPECIFICATIONS.—Upon the exportation of merchandise not conforming to sample or specifications or shipped without the consent of the consignee upon which the duties have been paid and which have been entered or withdrawn for consumption and, within ninety days after release from customs custody, unless the Secretary authorizes in writing a longer time, returned to customs custody for exportation, the full amount of the duties paid upon such merchandise shall be refunded as drawback, less 1 per centum of such duties.

> \* \* \* \* \* \* \*

> (i) REGULATIONS.—Allowance of the privileges provided for in this section shall be subject to compliance with such rules and regulations as the Secretary of the Treasury shall prescribe,

which may include, but need not be limited to, the fixing of a time limit within which drawback entries or entries for refund under any of the provisions of this section or section 309(b) of this Act shall be filed and completed, and the designation of the person to whom any refund or payment of drawback shall be made.

19 C.F.R. § 22.31:

Drawback allowance.

Upon the exportation of imported merchandise not conforming to sample or specifications or shipped without the consent of the consignee, the duties paid thereon, less 1 percent, shall be refunded as drawback in accordance with the provisions of section 313(c), Tariff Act of 1930, as amended, subject to compliance with the regulations in §§ 22.32 to 22.35. [Footnote omitted.]

19 C.F.R. § 22.33:

Return of merchandise to customs custody.

(a) Upon receipt of the drawback entry, the collector shall assign a number thereto, by appropriate notation on all copies, approve the place of deposit of the merchandise specified by the person making the entry or designate another place if that one is not deemed suitable, and return the original to the entrant for presentation with the merchandise to the customs officer at the place of deposit. The merchandise shall be delivered into customs custody at such place within 90 days after the date on which it was originally released from customs custody unless, either before or after the return of the merchandise, a longer time is specifically authorized by the Bureau, or by the collector under the authority of this paragraph. The collector, upon written application, may extend the period in those cases where he is satisfied that the importer has been or will be prevented by circumstances beyond his control from returning the merchandise within the 90-day period, and that the importer proposes to return, or has returned, the merchandise within a reasonable time. Applications for extension of time shall be filed with, and acted upon by, the collector of customs at the port where the drawback entry will be filed. If the merchandise is to be exported otherwise than by mail, one copy of the entry shall be returned to the entrant, for resubmission to the collector in accordance with paragraph (e) of this section. A receipt showing the fact and date of such delivery shall be furnished to the applicant if he requests it. If the report of the receiving officer shows that the merchandise was not returned to customs custody within the time required by law, the drawback shall be denied.

The record in this case consists of the testimony of two witnesses called on behalf of plaintiff and one witness called on behalf of defendant. The official papers were received in evidence without being marked and a letter indicating the form of request for extension of time ordinarily used by the broker in drawback cases was received as plaintiff's exhibit 1. The exhibit contained a request for an exten-

sion of time, and the reason for the request. Approval was given by customs officials for the extension of time requested therein. The parties also entered into a stipulation agreeing to the change of name of plaintiff from Sawyer's, Inc. to GAF Corporation due to the sale of the importing corporation to GAF Corporation.

The factual situation involved herein is not in dispute. The merchandise was released from customs custody on July 20, 1965, and July 29, 1965, and was returned to customs with a drawback entry on December 22, 1965. The appraiser's report on the drawback entry establishes the merchandise did not conform to sample or specifications and was laden on the SS Canada Mail on January 7, 1966 under customs supervision.

Whether there was compliance with Customs Regulation § 22.33, which requires return of the merchandise within 90 days from its release, or a request for an extension of time, is the basic issue before the court. There is no dispute that the importer wrote a letter to its broker on October 21, 1965 and that the broker sent a letter to customs on October 27, 1965, as indicated by the following:

SAWYER'S     SAWYER'S INC.
Portland, Oregon 97207

*Quality Picture Products*

Phone:   MItchell 4–1181–
Area Code 503
October 21, 1965

George S. Bush & Co., Inc.
211–217 Board of Trade Bldg.
Portland, Oregon
Attention:   Mr. Ben Ellis

Dear Ben:
Reference:   Customs Entry No. 539 dated July 12, 1965
Customs Entry No. 769 dated July 19, 1965

We would appreciate your obtaining permission from U.S. Customs to return 1,000 Projection Lenses to our supplier, Yoshida Industry Co., Ltd., Japan on a duty drawback basis. The return will be covered under the following two entries: Customs Entry No. 539, dated July 12, 1965 totals 455 projection lenses and under Customs Entry No. 769 dated July 19, 1965 the return will be 545 projection lenses.

As soon as you obtain permission for the return, please let us know so that we can prepare the lenses for shipment.

Cordially,
SAWYER'S INC.
Frank M. McAnulty
Export Traffic Manager

djv

GEO. S. BUSH & CO., INC. CUSTOM HOUSE BROKERS, FORWARD-
ING AGENTS—211–217 BOARD OF TRADE BUILDING, PORTLAND
OREGON 97204.

October 27, 1965

Collector of Customs
Portland
Oregon
Madam:

We enclose herewith a copy of a letter received from Sawyer's
Inc. requesting permission to export under drawback 1,000
Projection Lenses imported from Yoshida Industry Co., Ltd.
As soon as your approval of this request is forthcoming we
will arrange for shipment to Japan.

Yours very truly,
GEO. S. BUSH & CO., INC.
B. J. Ellis

BJE/pa
Encl.
APPROVED:
L. Antonelli

Do these letters constitute a request for an extension of time as set
forth in Customs Regulation § 22.33? I think not. The regulation
specifically provides for return of the merchandise within 90 days
of release. This was not done as the merchandise was admittedly re-
turned on December 22, 1965. A longer period of time is permitted
"upon written application" where "he is satisfied that the importer
has been or will be prevented by circumstances beyond his control from
returning the merchandise within the 90-day period." The letters of
October 21, 1965 and October 27, 1965 do not in my opinion constitute
such a request. No mention of extension of time is contained in either
letter nor is there any statement which would satisfy the customs offi-
cial that the delay was beyond the importer's control. The signature
of Mr. Antonelli under "APPROVED" was merely an approval of
the request for drawback made in the letter. Mr. Antonelli admitted
that he was aware at the time he approved the request that additional
time would be required but his approval was for drawback not for an
extension of time. The witness indicated he had no authority to refuse
a request for drawback. Ordinarily, according to Mr. Antonelli, request
for drawback is not made but there are instances where the importer
will alert customs that drawback will be requested.

The provisions for drawback are not a right but a privilege accorded
to an importer requiring strict compliance with the statutory provi-
sions and the regulations. Such compliance is mandatory. *Swan and
Finch Company* v. *United States*, 190 U.S. 143 (1903); *Campbell* v.

*United States*, 107 U.S. 407 (1883) ; *United States* v. *W. C. Hardesty Co., Inc.*, 36 CCPA 47, C.A.D. 396 (1949) ; *Swan Tricot Mills Corp.* v. *United States*, 63 Cust. Ct. 530, C.D. 3948 (1969).

Plaintiff contends the approval granted under its letter of October 27, 1965, was a waiver of the form of request for an extension of time.

In *The Josebra Company* v. *United States*, 29 Cust. Ct. 244, C.D. 1476 (1952), *aff'd* 41 CCPA 206, C.A.D. 552 (1954), the court cited with approval the discussion of waiver in Volume 56, American Jurisprudence:

> The essential elements of a waiver, within the definitions already given, are the existence, at the time of the alleged waiver, of a right, advantage, or benefit, the knowledge, actual or constructive, of the existence thereof, and an intention to relinquish such right, advantage, or benefit. [Sec. 12.]

In order to waive, the party doing so must have knowledge of what he is waiving. Mr. Antonelli testified he approved the request to file a drawback entry. Neither the intent of Mr. Antonelli in approving the request nor the contents of the letters would amount to a waiver of the form of a request for the extension of time required in this instance. The customs officials were under no obligation to advise the importer or as in this case a duly licensed customhouse broker that an extension of time would be required under the circumstances.

In view of the foregoing, plaintiff having failed to comply with the statutory provisions and the implementing customs regulations the claim of plaintiff is overruled and the action is dismissed.

Judgment will be entered accordingly.