(C.D. 4795)

### PVO INTERNATIONAL, INC. *v.* UNITED STATES

Court No. 77–11–04655

(Decided April 3, 1979)

*Rivkin Sherman and Levy* (*Dorothy P. Watson* of counsel) for the plaintiff.
*Barbara Allen Babcock*, Assistant Attorney General (*Sidney H. Kuflik*, trial attorney), for the defendant.

RE, Chief Judge: Plaintiff has brought this action to obtain a refund of Customs duties which it claims were improperly assessed on excess

moisture and impurities in five shipments of crude palm kernel oil imported from Zaire, Sumatra, and Malaysia. Pursuant to rule 4.7 (b)(3) of the rules of this court, defendant moved to dismiss the action for plaintiff's failure to comply with a condition precedent. Specifically, defendant contends that, since plaintiff failed to file Customs form 4315, "Application for Allowance in Duties", it has not complied with a condition precedent mandated by a valid regulation.

Plaintiff admits that Customs form 4315 was not filed for any of the entries of merchandise covered by this action. Nevertheless, it maintains that the failure to file was inadvertent and unintentional, and resulted from circumstances beyond plaintiff's control, namely, "the untimely death of its counsel." Arguing that the court, nonetheless, has jurisdiction over this action, and that the defendant will not be prejudiced by a late filing, plaintiff has moved to have the court order the Customs officials to accept the filing *nunc pro tunc* of Customs form 4315.

The following are the pertinent statutory and regulatory provisions:

19 U.S.C. 1507. "Tare and draft.

The Secretary of the Treasury is authorized to prescribe and issue regulations for the ascertainment of tare upon imported merchandise, including the establishment of reasonable and just schedule tares therefor, but in no case shall there be any allowance for draft or for impurities, other than excessive moisture and impurities not usually found in or upon such or similar merchandise."

19 CFR 158.13. "Excessive moisture and other impurities.

(a) *Application by importer.*—An application for an allowance in duties under section 507, Tariff Act of 1930 (19 U.S.C. 1507), for excessive moisture or other impurities not usually found in or upon such or similar merchandise shall be made by the importer on Customs form 4315. The application shall be filed with the district director within 10 days after the report of weight or gage has been received by the district director or within 10 days after the date upon which the entry or a related document was endorsed to show that invoice weight or gage has been accepted by the Customs inspector or other Customs officer.

(b) *Allowance by district director.*—If the district director is satisfied after any necessary investigation that the merchandise contains excessive moisture or other impurities not usually found in or upon such or similar merchandise, he shall make allowance for the amount thereof in the liquidation of the entry.

(c) *Limitations on allowance.*—No allowance under this section shall be made when forbidden by law or regulation; for example, schedule 1, part 6B, headnote 2, Tariff Schedules of the United States (19 U.S.C. 1202), provides that no allowance in weight shall be made for dirt or other impurities in seed of any kind provided for in that subpart."

The five shipments of crude palm kernel oil were entered at the Port of New York between December 1974 and March 1975. According to plaintiff, whose office is in San Francisco, Customs forms

4315 were prepared for each entry by its New York broker, and were forwarded to its New York attorney for filing. Plaintiff first retained this attorney in August 1974. The following October, the attorney died "suddenly and unexpectedly." Plaintiff explained that "since all of the client files remained at [the deceased attorney's] office pending appointment of new Customs counsel," plaintiff's broker continued to forward the completed forms to the attorney's office, even after his death.

In March of 1975, plaintiff retained its present counsel. New counsel timely filed protests seeking a refund of the duty assessed on that portion of the weight of the palm kernel oil which plaintiff considered to be excess moisture and impurities. The protests were denied, and plaintiff initiated this action by filing a summons and complaint. Defendant filed an answer to the complaint, and then moved for the dismissal which is the subject of the present controversy.

Plaintiff attributes its failure to have filed to the untimely death of its attorney. Furthermore, it claims that defendant will not be prejudiced by a *nunc pro tunc* filing because the issue of what constitutes the standard for "usual," in determining excess moisture and impurities, is not within the contemplation of the regulations. According to plaintiff, the purpose of requiring Customs form 4315 to be filed within 10 days after the report of weight has been received by the district director is to permit a reweighing or remeasuring of the goods in their condition when imported. However, plaintiff states that it is not objecting to the weight or measurement that the Customs officials have ascribed to the merchandise. Rather, it objects to that which the Customs Service determined was the "usual" excess of moisture and impurities in palm kernel oil. It asserts that Customs' understanding of what is "usual" excess in palm kernel oil is improperly low. Hence, plaintiff urges that, since "no reweighing or remeasuring is required and * * * the filing of Customs form 4315 serves merely to give notice of the importer's dispute regarding the relevant trade meaning of 'usual' excess moisture and impurities," the failure to file the necessary forms resulted in no prejudice to defendant.

The basic question presented is whether the allowance for excessive moisture or impurities is conditioned upon the filing of the prescribed Customs form 4315. Differently stated, does an importer, by failing to file this form, forfeit the right to obtain the statutory allowance?

The court has concluded that since plaintiff has not complied with a valid condition precedent, it cannot recover the statutory allowance.

Both this court and the Court of Customs and Patent Appeals have considered these questions. The decided cases teach that the filing of Customs form 4317 (now 4315) [1] is a mandatory condition precedent for the recovery of the statutory allowance. See *Socony Vacuum Oil*

---

[1] The change in the numbering of the form, from 4317 to 4315, was prescribed by T.D. 72-258 by which 19 CFR 158.13(a) superseded 19 CFR 15.7(a), effective Oct. 27, 1972.

*Co., Inc.* v. *United States,* 36 Cust. Ct. 214, C.D. 1777 (1956), *aff'd,* 44 CCPA 83, C.A.D. 641 (1957); *York Feather & Down Corp.* v. *United States,* 26 Cust. Ct. 231, C.D. 1329 (1951), *aff'd,* 40 CCPA 51, C.A.D. 496 (1952); *Velsicol Chemical Corp.* v. *United States,* 283 F. Supp. 93, 60 Cust. Ct. 249 (1968); *Cinder Products Corp.* v. *United States,* 52 Cust. Ct. 49, C.D. 2434 (1964).

Plaintiff, however, attempts to distinguish the present controversy from this line of cases. Citing *C. L. Hutchins & Co., Inc., et al.* v. *United States,* 331 F. Supp. 318 67 Cust. Ct. 60 (1971), it maintains that failure to file is not a jurisdictional defect. Hence, plaintiff contends that, since the court has jurisdiction, it can order the Customs officials to accept a nunc pro tunc filing of Customs form 4315.

The defendant responds that plaintiff's characterization of defendant's motion to dismiss, as being based on the court's lack of jurisdiction, misinterprets the defendant's motion. The defendant points out that rule 4.7(b) of the rules of the U.S. Customs Court provides for four separate grounds for moving to dismiss an action.

The question presented is not whether this court has jurisdiction, but rather, whether compliance with the filing requirement is a condition precedent to recovery. Dismissal of the action for failure to perform a condition precedent is an entirely different ground from dismissal for lack of jurisdiction.

Plaintiff's reliance on *C. L. Hutchins & Co., Inc., et al.* v. *United States,* 331 F. Supp. 318, 67 Cust. Ct. 60 (1971), to support its jurisdictional argument, is misplaced. The plaintiff in *Hutchins* first sought an allowance for excess impurities in its protest, but added a new claim in its complaint for improper classification. The defendant moved to dismiss the action for failure of a condition precedent since plaintiff had not filed Customs form 4317 (now 4315) required by section 15.7(a) of the Customs Regulations, as amended, the predecessor of the present regulation. Although the court denied the defendant's motion, it clearly noted the distinction between a dismissal for failure to comply with the regulations, and a dismissal for lack of jurisdiction.

In the *Hutchins* case, the court did not permit a waiver of the required filing of forms seeking an allowance for excess impurities. Rather, it gave effect to the congressional intent of not declining jurisdiction where new grounds in a complaint apply to the same merchandise and relate to the same administrative decision. Thus, while the court in *Hutchins* did not entertain the claim for excess impurities, because plaintiff failed to file the required form, it could nonetheless entertain the claim for improper classification because it involved the same merchandise that was the subject of the protest, and related

to the same contested administrative decision. In the present case, unlike *Hutchins*, the claim pertains solely to the allowance for excess moisture and impurities.

The defendant also denies that failure to file the forms was beyond plaintiff's control. Defendant maintains that the death of plaintiff's attorney did not make filing of the forms impossible or even onerous. It indicates that there is no requirement that the forms be filed by an attorney. They could have been filed by plaintiff or a representative. Furthermore, the death of plaintiff's attorney did not occur at a time of critical importance. The attorney died 2 months before the first form was due to be filed, and 5 months before the last form was due. The first shipment of merchandise was not even entered until 2 months after the attorney's death. Indeed, the facts reveal clearly that, with due diligence, plaintiff could readily have complied with the filing requirement. The resulting hardship cannot be attributed to any act, omission, or misconduct of the defendant. See *State Metals, Inc.* v. *United States*, 82 Cust. Ct. 91, C.D. 4793 (1979); *Wolf D. Barth Co., Inc.* v. *United States*, 81 Cust. Ct. 127, C.D. 4778 (1978).

The present case deals with a valid regulation that requires the filing of a particular form in order to obtain a statutory allowance. It makes no provision for late filing. In *F. W. Myers & Co., Inc.* v. *United States*, 374 F. Supp. 1395, 72 Cust. Ct. 133 (1974), the pertinent regulation expressly permitted the late filing of "a document, form or statement required by regulations" if the failure to file "was not due to willful negligence or fraudulent intent."

Since the regulations in issue are a valid exercise of the specific delegated authority, the following statements of the Court of Customs and Patent Appeals are particularly pertinent:

> Valid customs regulations made in pursuance of law have the force and effect of law and must be complied with as an act precedent to obtaining any special grant to which such regulations relate. [Citations omitted.] *Maple Leaf Petroleum, Ltd.* v. *United States*, 25 CCPA 5, 8, T.D. 48976 (1937).

The regulation which requires the filing of Customs form 4315 was issued pursuant to the specific authorization of 19 U.S.C. 1507. The decided cases show clearly that regulations promulgated by the Secretary of the Treasury pursuant to a specific statutory provision have the force and effect of law. Furthermore, they may impose conditions precedent to receive the benefits provided in the enabling statute. See *Socony Vacuum Oil Co., Inc.* v. *United States*, 44 CCPA 83, C.A.D. 641 (1957); *Maple Leaf Petroleum, Ltd.* v. *United States*, 25 CCPA 5, T.D. 48976 (1937); *United States* v. *Browne Vintners Co., Inc.*, 34 CCPA 112, C.A.D. 351 (1946). See also *Swan and Finch*

162

*Co.* v. *United States*, 190 U.S. 143 (1903); *GAF Corp.* v. *United States*, 72 Cust. Ct. 153, C.D. 4526 (1974); *Carl Matusek Shipping Co., Inc., et al.* v. *United States*, 51 Cust. Ct. 8, C.D. 2406 (1963).

Plaintiff has failed to file Customs form 4315. Under the applicable case law, plaintiff, by not having complied with a mandatory condition precedent, is not entitled to the statutory allowance.

In view of the foregoing, the defendant's motion to dismiss is granted, and plaintiff's cross-motion is denied.

Let judgment be entered accordingly.