GRAY TOOL COMPANY, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 83-10-01452

Before BERNARD NEWMAN, *Judge.*

(Dated December 27, 1983)

*Mandel and Grunfeld, Esqs. (Bruce M. Mitchell, Esq.* of counsel) for plaintiff.

*Richard K. Willard,* Acting Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch and *Judith M. Barzilay, Esq.* for defendant.

BERNARD NEWMAN, *Judge:* Plaintiff has moved under Rule 3(d) of the Rules of the Court of International Trade [1] to amend its summons to include a new claim. Defendant opposes the proposed amendment.

The pertinent facts may be briefly stated:

The summons filed by plaintiff encompasses one protest covering merchandise described as "tubing bonnets". On the second page of the summons, plaintiff indicated that the contested administrative decision was the *appraised value* of the merchandise. There is no indication in the summons that plaintiff had protested Customs' *classification* decision.[2] Plaintiff now seeks to amend its summons to include as a new ground in support of its civil action that the merchandise was improperly classified by Customs.

Defendant maintains that since plaintiff in its protest (Customs Form 19) contested only the appraisement of the merchandise, assertion of a classification claim in an amended summons is now precluded.

---

[1] This rule reads: "Amendment of Summons. The court may allow a summons to be amended at any time, in its discretion and upon such terms as it deems just, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the amendment is allowed."

[2] The second page of the preprinted summons form provides space to indicate whether the appraised value of the merchandise and/or the classification, rate or amount of duty are contested, but only the section respecting the appraised value of the merchandise is filled in. The space allocated for classification, rate or amount was left blank.

In sum, the issue presented by plaintiff's motion is whether a classification claim may be asserted in the summons (or amended summons) where the protest challenged only the appraisement of the merchandise.

Under 19 U.S.C § 1514(b), a protest must set forth "distinctly and specifically each decision described in subsection (a) as to which protest is made". I find from a reading of the protest that while plaintiff's challenge to the appraisement is clearly indicated, plaintiff did not contest the classification of the merchandise.[3] Under these circumstances, plaintiff's motion to amend the summons to assert a new ground in support of its civil action must be denied.

Although not cited by either party, 28 U.S.C. § 2638 is controlling. That statute reads:

> In any civil action under section 515 of the Tariff Act of 1930 [19 U.S.C. § 1515] in which the denial, in whole or in part, of a protest is a precondition to the commencement of a civil action in the Court of International Trade, the court, by rule, may consider any new ground in support of the civil action if such new ground—
> (1) Applies to the same merchandise that was the subject of the protest; and
> (2) Is related to the same administrative decision listed in section 514 of the Tariff Act of 1930 [19 U.S.C. § 1514] that was contested in the protest.

As may be noted above, two conditions must exist for assertion of a new ground in support of the civil action in this case: (1) the new ground must apply to the same merchandise that was the subject of the protest; and (2) the new ground must be *"related to the same administrative decision listed in section 514 of the Tariff Act of 1930 that was contested in the protest"* (Emphasis added). Under section 514, appraisement (section 514(a)(1)) and classification (section 514(a)(2)) are distinct categories of administrative decision. Clearly, then, plaintiff's motion to amend the summons must be denied inasmuch as the classification decision which would be contested by the proposed amendment of the summons is categorically unrelated to the administrative decision that was contested in the protest, *viz.,* appraisement.[4] *See* under predecessor statute 28 U.S.C. § 2632(d): *Mobilite, Inc.* v. *United States,* 70 Cust. Ct. 359, C.R.D. 73-11, 358 F. Supp. 267 (1973); and *C. L. Hutchins & Co.* v. *United States,* 67 Cust. Ct. 60, C.D. 4252, 331 F. Supp. 318, *motion to modify denied,* 67 Cust. Ct. 354, C.D. 4297, 334 F. Supp. 188 (1971).

---

[3] An examination of the protest form reveals that plaintiff did not check the box referring to classification, rate on amount of duty, nor did plaintiff fill out the blank space under that box with any claim or explanation.

[4] Plaintiff asserts the protest reflects that the tubing bonnets covered by the entry were improperly classified. However, I find no suggestion in the protest that the merchandise was improperly classified. Additionally, plaintiff's assertion (which defendant disputes) that Customs has agreed the classification of the subject merchandise was improper is irrelevant to the claim properly before the Court.

Simply put, since the correctiveness of Customs' classification was not raised at the administrative level by protest, I am constrained to find that this Court is precluded from initially reviewing the classification. To hold otherwise, would vitiate the protest procedure and the reason for administrative review.

For the foregoing reasons, plaintiff's motion to amend the summons is denied.