James **CATALDO**, Plaintiff,

v.

**E. I. DU PONT DE NEMOURS & CO.,**
and **Brunswick Corporation,**
Defendants.

Civ. A. No. 65 Civ. 769.

United States District Court
S. D. New York.

April 7, 1966.

Seymour P. Schulman, New York City, for plaintiff; Seymour P. Schulman and Donald E. Klein, New York City, of counsel.

Townley, Updike, Carter & Rodgers, New York City, for defendant Du Pont; Philip D. Pakula and W. Wright Danenbarger, New York City, of counsel.

Hartsell & Harrington, New York City, for defendant Brunswick Corporation; George W. Harrington, New York City, of counsel.

HERLANDS, District Judge:

By an order embodied in an opinion dated February 11, 1966, D.C., 39 F.R.D. 305, the court granted plaintiff's motion for an order (1) granting him leave to amend his complaint, pursuant to Fed.R. Civ.P. 15(a), and (2) granting him a trial by jury of his "cause of action" based on negligence, pursuant to Fed.R.Civ.P. 39 (b). The cross-motion of defendant E. I. Du Pont De Nemours & Co. [hereinafter "Du Pont"] for an order, pursuant to Fed.R.Civ.P. 38(d), striking plaintiff's jury demand from his proposed second amended complaint, was denied. Du Pont now moves for the following relief:

1. Pursuant to General Rule 9(m), reargument of plaintiff's motion dated November 15, 1965 made under Fed. R.Civ.P. 39(b) and defendant Du Pont's motion dated December 10, 1965 made under Fed.R.Civ.P. 38(d), which motions were granted and denied, respectively, by the opinion and order of District Judge William B. Herlands dated and filed February 11, 1966; or

2. In the alternative, pursuant to 28 U.S.C. § 1292(b), to amend said order of February 11, 1966 by adding the following paragraph thereto:

"It is the opinion of the Court that this order involves a controlling ques-

tion of law as to which there is substantial ground for difference of opinion, to wit:

'Does the second amended complaint raise a new "issue" within the meaning of Fed.R.Civ.P. 38(b) as to which plaintiff is entitled to a jury trial as a matter of right?'

and that an immediate appeal from this order may materially advance the ultimate termination of the litigation."

Du Pont's request for reconsideration of the issues decided by this court in its opinion of February 11, 1966 is denied for the following reasons.

The initial question for decision which was presented by plaintiff's original motion was whether the addition of a new legal theory in an amended complaint, which is based on substantially the same evidentiary facts underlying the original complaint, raises a new "issue" within the meaning of Fed.R.Civ.P. 38(b). The court concluded that it does.

Neither in the briefs submitted by both parties in connection with the original motions nor on the oral argument of those motions was the court's attention directed to any case which deals with the precise question presented to the court for decision. Nor has the court's independent research unearthed such a precedent.[1] In its opinion of February 11, 1966, the court juxtaposed a number of cases which held that a right to jury trial existed with a number of cases which held that it did not. However, the issue for decision in each of those cases was not the same as the issue which was before this court and none of them was determinative. The court agrees with Du Pont's contention that a valid argument can be made that each of those cases is distinguishable from the case at bar. However, not even in its memorandum in support of its motion for reargument has Du Pont directed the court's attention to the decision of any court which has had the issue before it which was presented to this court. Du Pont has made no showing which suggests to the court that it should alter its decision on the issue in question.

Du Pont has requested, alternatively, that the court amend its order of February 11, 1966 so that it includes a statement, pursuant to 28 U.S.C. § 1292(b), that the court is of the opinion that said order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

The court finds Du Pont's request to be meritorious. It hereby amends its order of February 11, 1966 so that it includes the following statement:

It is the opinion of the court that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of the litigation. The controlling question of law is whether the addition of a new legal theory in an amended complaint, which is based on substantially the same evidentiary facts underlying the original complaint, raises a new "issue," within the meaning of Fed.R.Civ.P. 38(b), as to which plaintiff is entitled to demand a trial by jury.

If this court's determination is not reviewed by the Court of Appeals until

---

1. See Advisory Committee On Rules For Civil Procedure, Preliminary Draft Of Proposed Amendments To Rules Of Civil Procedure For The United States District Courts (May 1954) at pages 39–40. The amendment included in the Preliminary Draft does not appear in the Committee's Report of Proposed Amendments (October 1955) nor in the Rules of Civil Procedure for the United States District Courts, as amended (May 1, 1956). See also American Bar Association, Federal Rules of Civil Procedure—Proceedings of the Institute at Washington, D. C., October 6, 7, 8, 1938 and of the Symposium at New York City, October 17, 18, 19, 1938, at pages 309–310 (1939).

after a full jury trial on the merits, a whole new trial before a judge would be necessary should the Court of Appeals find for Du Pont on this issue, thus, materially retarding the ultimate termination of the litigation.

Du Pont has represented to this court that it shall not request that its application for an appeal from the order of February 11, 1966 stay proceedings in the district court. It has advised the court that "Since discovery proceedings can continue during the pendency of such an appeal, an immediate appeal will not in any way delay the prosecution of this action." (Du Pont's memorandum in support of its motion for reargument or certification for interlocutory appeal at page 7.) Plaintiff has not controverted that assertion.

The court is of the opinion that an immediate appeal from the order of February 11, 1966, pursuant to 28 U.S.C. § 1292(b), should be had. So ordered.