SECURITIES AND EXCHANGE COM-MISSION, Plaintiff,

v.

QUING N. WONG et al., Defendants.

Civ. A. No. 375–65.

United States District Court
D. Puerto Rico.

May 31, 1966.

---

Philip A. Loomis, Jr., Walter P. North, Meyer Eisenberg, David J. Myerson, Washington, D. C., for plaintiff.

Raichle, Moore, Banning & Weiss, Buffalo, N. Y., Baker & Woods, McConnell, Valdés & Kelley, Nachman & Feldstein, A. J. Amadeo Murga, San Juan, P. R., for defendants.

**68**

## ORDER

CANCIO, District Judge.

■ Co-defendant Josiah M. Scott has moved this Court to amend its previous order of April 6, 1966, which denied his motion to dismiss the complaint of the Securities and Exchange Commission by adding a certification under 28 U.S.C. § 1292(b) so that the Court of Appeals will have the opportunity, at this time, to review this Court's rulings that:

1. A former officer or director of a registered investment company, who allegedly committed gross abuse of trust while serving or acting in that capacity, does not evade the injunctive provisions of Section 36 of the Investment Company Act[1] by merely resigning from such position prior to the filing of the Commission's complaint alleging such gross abuse; and,

2. The Securities and Exchange Commission may seek ancillary relief of restitution and an accounting in injunctive actions instituted by the Commission under the Securities Exchange Act[2] and the Investment Company Act.[3]

On the basis of our previous order, the motion papers, the memoranda in support and in opposition to Scott's motion, and a full hearing of the issues before this Court on April 29, 1966, the present motion for certification is denied.

Section 1292(b), The Interlocutory Appeals Act of 1958, permits this Court, in its discretion, to certify that an interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation * * *" If the Court agreed that the statutory criteria were met and if the Court of Appeals concurred, an appeal from our order of April 6, 1966 could be heard at this advance stage of the litiga-

tion. In re Heddendorf, 263 F.2d 887 (C.A.1, 1959).

■ After careful consideration this Court cannot agree with the movant that the issues which would be raised by his appeal at this time warrant Section 1292(b) certification as an exception to the policy of discouraging "piecemeal appeals." Ibid. When a pre-trial motion presents a novel question of law which is difficult to decide because of a lack of controlling authority and the inapplicability of general principles of law and where a reversal of the District Court's decision after trial would have the legal or practical effect of rendering the trial, or a substantial part thereof, a waste of time the question should be certified for appeal. The "exceptional case" which comes within the intended scope of Section 1292(b) is one which raises questions of law which the District Judge feels to be open to real doubt and in which an appeal could materially advance an otherwise long and complicated trial either by presenting the Court of Appeals with an opportunity to reduce the contested issues at trial by removing from the proceedings substantial factual or legal questions (e. g., by the application of a statute of limitations, see United Shoe Machinery Corp. v. International Shoe Machinery Corp., 275 F.2d 459 (C.A.1, 1960)), or where the appellate court, upon hearing of the appeal, could finally and ultimately terminate the litigation by a direction to the district court to dismiss the complaint (compare In re Heddendorf, 263 F.2d 887, 889 (C.A.1, 1959) with Oskoian v. Canuel, 264 F.2d 591, 594 (C.A.1, 1959).

These advantages to an interlocutory appeal are not present here. Even if co-defendant Scott's interpretation of Section 36 were adopted, a full trial would still be required on the injunctive action under the Exchange Act with respect to all defendants and a trial on the Section 36 action would be required with respect to defendant Gómez who allegedly re-

---

1. 15 U.S.C. § 80a–35.

2. 15 U.S.C. § 78a et seq.

3. 15 U.S.C. § 80a–1 et seq.

mained as a P.R.C.C. officer and director until after suit was instituted. Moreover, since injunctive relief is sought, even if the Court held that the Commission could not seek ancillary relief, the trial would not be substantially affected.

More importantly, the questions which co-defendant Scott would present on appeal do not present issues as to which there is "substantial ground for difference of opinion."

■ Scott's first contention, that a director is immune from suit under Section 36 of the Investment Company Act if he resigns from office on any date prior to the institution of the Commission's action, simply does not present the kind of question which should be certified to the Court of Appeals at this stage. We can not charge Congress with an absurdity. An injunction under Section 36 does not merely enjoin a person who is serving or acting as an officer or director of a registered investment company from repeating his gross abuse of trust. It prohibits a violator from assuming specified offices of trust in that or other investment companies, which he could then similarly abuse, and thus prevents further violations by denying the violator access to positions which provide a potential for such abuse. Obviously, the fact that the co-defendant was not employed as an officer or director of a registered investment company when this suit was instituted is immaterial to a decision on whether, because of his alleged past violations, an injunction should issue under Section 36. Surely Congress could not have meant to set up an important protection against gross abuse of trust on the one hand and vitiate its effect by providing such an easy route of escape on the other. A much more compelling case than has been presented here would be necessary to prevent this Court from implementing the policy of the 1940 Act to eliminate, insofar as feasible, conduct which the Congress specifically found to be contrary to the public interest.[4] There is nothing in the statute which requires us to hold that merely because the violator resigns when he learns his conduct is under investigation or that litigation is imminent, he is thereby free from the provisions of Section 36. This clear conflict between co-defendant Scott's contention and the statutory plan and purpose of the 1940 Act and the lack of authority to support his view is a sufficient ground to deny his request for certification of this issue under Section 1292(b). Denial is further supported by the very wording of Section 36 which speaks in terms of an injunction upon allegations "that *a person* serving or acting in one or more of the following capacities *has been guilty \* \* \* within five years of the commencement of the action, of gross misconduct or gross abuse of trust \* \* \*"* (Emphasis added).

■ Scott's second contention, that the Commission is restricted to the remedies expressly provided by statute, does not take into consideration the historical purpose of Equity to provide the relief which is necessary and proper under the circumstances of the case before the court. It is the policy of the courts to be liberal in this regard and it is well settled that even though specific remedies are mentioned in a statute, the courts will, in appropriate cases, apply other remedies not specifically mentioned. Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332 (1946); Schine Chain Theatres, Inc. v. United States, 334 U.S. 110, 68 S.Ct. 947, 92 L.Ed. 1245 (1948); Mitchell v. Robert DeMario Jewelry, Inc., 361 U.S. 288, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960). That this doctrine is specifically applicable to cases involving the federal securities laws is made clear by J. I. Case Co. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12

---

4. See, Section 1(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a–1 (b). That Section 1(b) is vital as a guide to the courts in determining the intent of Congress is made clear in Brown v. Bullock, 294 F.2d 415, 421 (C.A.2, 1961) and Aldred Investment Trust v. Securities and Exchange Commission, 151 F.2d 254, 260 (C.A.1, 1945) certiorari denied, 326 U.S. 795, 66 S.Ct. 486, 90 L.Ed. 483.

L.Ed.2d 423 (1964) and by a decision of the Court of Appeals for the First Circuit appointing a receiver as relief ancillary to an injunction under the very provision of the Investment Company Act involved here. In Aldred Investment Trust v. Securities and Exchange Commission, 151 F.2d 254, 261 (C.A.1, 1945), cert. denied, 326 U.S. 795, 66 S.Ct. 486, 90 L.Ed. 483, the Court stated: "Section 36 invokes the equity power of the Federal Court and that calls into play its inherent powers where necessary to do justice and grant full relief." Once its equitable jurisdiction is invoked, this Court may utilize its powers to "mould each decree to the necessities of the particular case." Hecht Co. v. Bowles, 321 U.S. 321, 324, 64 S.Ct. 587, 592, 88 L.Ed. 754 (1944).

Co-defendant Scott's interpretations of the federal securities laws and his restrictive view of this Court's inherent equitable powers are not in accord with pertinent authority. Certification of these issues for appeal under the standards set out in Section 1292(b) is inapropriate at this time and his motion is therefore denied.