(C.R.D. 71–6)

C. L. HUTCHINS & Co., INC. } *v.* UNITED STATES
IMPERIAL RUG MILLS, INC.

(67 Cust. Ct. 354, C.D. 4297)

Port of San Diego, protest 67/25245
on rags and scrap cordage

(Dated November 19, 1971)

*Glad & Tuttle* (*Robert Glenn White* of counsel) for the plaintiffs.

*L. Patrick Gray, III,* Assistant Attorney General (*John A. Winters,* trial attorney), for the defendant.

RAO, Judge: This is a motion by the Government to modify an order* denying its motion to dismiss the action for lack of jurisdiction, by adding a statement that a controlling question of law is involved as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation.

The purpose of this procedure is to enable defendant to appeal the said interlocutory order to the Court of Customs and Patent Appeals under 28 U.S.C. § 1541(b), as amended. That section provides:

> * * * when any judge in the Customs Court, in issuing any other interlocutory order, includes in the order a statement that a controlling question of law is involved as to which there is substantial ground for difference of opinion and that an immediate appeal from its order may materially advance the ultimate termination of the litigation, the Court of Customs and Patent Appeals may, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: * * *

Defendant's motion to dismiss the complaint was denied on the ground (1) that the court had jurisdiction of the claim in the protest for an allowance for excessive impurities, even though certain regulations had not been complied with and (2) that the court had jurisdiction of the claim in the complaint for classification as waste or scrap, since the claim in the protest and that in the complaint fell within the same category of administrative decision and since, in the view of the court, Congress did not intend to deny the court jurisdiction in those circumstances. *C. L. Hutchins & Co., Inc., et al.* v. *United States,* 67 Cust. Ct. 60, C.D. 4252 (1971).

Defendant claims that there are two controlling questions of law involved:

(1) whether non-compliance with a mandatory regulation deprives the Court of jurisdiction, and

(2) whether 28 U.S.C. 2632(d) deprives the Court of jurisdiction to consider a classification claim raised in the complaint for the first time when the protest was limited to an allowance claim for overage.

As to the first question, it is well settled that the court has jurisdiction to determine whether there has been compliance with the

---

*See memorandum to accompany order, C.R.D. 71-4 (C.D. 4252).

regulations or whether they are unreasonable or contrary to the statute. *Standard Oil Company of New Jersey* v. *United States*, 32 CCPA 190, C.A.D. 306 (1945) ; *Socony Vacuum Oil Co., Inc.* v. *United States*, 44 CCPA 83, 87–88, C.A.D. 641 (1957).

The second question is a matter of first impression under the new statute and there could be a difference of opinion. An appeal now would advance the ultimate termination of this litigation if the Court of Customs and Patent Appeals should reverse this court and dismiss the complaint.

Plaintiffs contend, however, that the fact that the court is called upon to decide an important or difficult question of law does not justify an appeal from an interlocutory order, particularly where there is no showing that a long and expensive trial may thereby be avoided.

The statute here under consideration, 28 U.S.C. § 1541(b), was patterned after 28 U.S.C. § 1292, which concerns appeals from interlocutory orders of district courts. Report No. 91–1067, Judiciary Committee of the House of Representatives, 91st Congress, 2d session. It is pertinent, therefore, to examine the legislative history and judicial decisions under the latter as an aid in construing the former.

Senate Report No. 2434, August 13, 1958, on 28 U.S.C. § 1292 (1958 U.S. Code Congressional and Administrative News 5255) states (p. 5256) :

> \* \* \* The bill results from a growing awareness of the need for expedition of cases pending before the district courts. Many cases which are filed in the Federal district courts require the district judge to entertain motions at an early stage in the proceedings which, if determined against the plaintiff, result in a final order which would then be appealable to the circuit courts of appeals of the United States. However, such motions, if determined in the plaintiff's favor, are interlocutory since they do not end the litigation and are not therefore, under existing provisions of law, appealable. \* \* \*

The report then cites as an example a case where the court accepted jurisdiction and the disposition of the case took 8 months, after which it was determined on appeal that the court did not have jurisdiction.

Appended to the Senate Report is a report of a committee of the Judicial Conference wherein it is stated that the committee was of the view that appeals from interlocutory orders should be used only in exceptional cases where a decision on appeal would avoid protracted and expensive litigation, where a question which would be dispositive of the litigation is raiesd, and there was serious doubt as to how it should be decided, but not in ordinary litigation which could be otherwise promptly disposed of.

In *Seven-Up Company* v. *O-So Grape Co.*, 179 F. Supp. 167 (1959), the court, in discussing the appeal allowed by the statute, stated :

\* \* \* To the extent that its use is restricted to exceptional cases and exceptional circumstances, the statute can serve a beneficient purpose in expediting the ultimate determination of protracted litigation. Without such restriction, rigidly applied, the statute contains the seeds of serious abuse which could go far to abrogate the salutory principle that "piecemeal" appeals will not be permitted. \* \* \*

There appears to be one trend of decisions which emphasizes that section 1292(b) should be sparingly applied and used only in exceptional cases where an intermediate appeal might avoid protracted and expensive litigation (*Milbert* v. *Bison Laboratories, Inc.*, 260 F.2d 431 (1958) ; *Bobolakis* v. *Compania Panamena Maritima San Gerassino, S.A.*, 168 F. Supp. 236 (1958) ; *Barrett* v. *Burt*, 250 F. Supp. 904 (1966) ; *Seven-Up Company* v. *O-So Grape Co., supra*), and another which would liberalize the use of the statute for an immediate appeal where a district court decided a jurisdictional question in favor of its having jurisdiction (*Cordero* v. *Panama Canal Company*, 170 F. Supp. 234 (1959) ; *United States* v. *Woodbury*, 263 F. 2d 784 (1969) ; *Securities and Exchange Commission* v. *Quing N. Wong*, 254 F. Supp. 66 (1966) ; *Hendricks* v. *Alcoa Steamship Co.*, 206 F. Supp. 693 (1962) ; *Joe Grasso & Son, Inc.* v. *United States*, 42 F.R.D. 329 (1966) ).

In *Seven-Up Company* v. *O-So Grape Co., supra*, the court stated that the statute applied only to the big or expensive case, where an unusual amount of time and money may be expended in pretrial work or where the trial is likely to be long and costly. The court said that the position that an immediate appeal is appropriate whenever a trial court decides a jurisdictional question in favor of its having jurisdiction is unwarranted.

In *United States* v. *Woodbury, supra*, on the other hand, the court stated that section 1292(b) was intended as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit. It mentioned as examples questions relating to jurisdiction or a statute of limitations which the district court had decided in a manner which kept the litigation alive but which, if answered differently on appeal, would terminate the case.

It has also been stated that an exceptional case might be one where the district court has denied a motion to dismiss for want of jurisdiction where a novel question was raised and the court was reluctant to embark upon an extended and costly trial until assured that its decision on the motion to dismiss would be sustained. *On re Heldendorf*, 263 R.2d 887 (1959).

In *Securities and Exchange Commission* v. *Quing N. Wong, supra*, the court said that an exceptional case was one which raised questions

of law which the district judge felt to be open to real doubt and in which an appeal could materially advance an otherwise long and complicated trial either by presenting the court of appeals with an opportunity to reduce the contested issues by removing substantive factual or legal questions or where the appellate court could finally and ultimately terminate the litigation by a direction to dismiss the complaint.

The instant case is not an exceptional case in the sense that there is likely to be a long or protracted trial or an expensive one. According to the complaint, the merchandise is identical to that involved in *Hoyt, Shepston & Sciaroni, Imperial Rug Mills, Inc.* v. *United States*, 57 Cust. Ct. 202, C.D. 2762 (1966), and *J. M. Evans & Company* v. *United States*, 62 Cust. Ct. 492, C.D. 3809 (1969), and the issues in those cases are pertinent and controlling herein. The substantive issue may well be determined on a stipulation of fact or by the incorporation of the records in the prior cases. Defendant, of course, might elect to present further testimony, but there is no indication that it would be lengthy.

Thus, although a decision now by our appellate court might terminate the case if it should hold that this court has no jurisdiction, nevertheless, since the case can be finally determined by this court without protracted or expensive litigation and since "piecemeal appeals" are not to be encouraged, an appeal from the interlocutory order here is not warranted.

The motion is denied.