Aaron **BRAVMAN**

v.

**BASSETT FURNITURE INDUS-TRIES, INC.**

Civ. A. No. 73-2886.

United States District Court, E. D. Pennsylvania.

Sept. 11, 1974.

8

Blank, Rome, Klaus & Comisky, Philadelphia, Pa., for plaintiff.

Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for defendant.

## MEMORANDUM

GORBEY, District Judge.

Plaintiff has filed a motion for leave to file an amended complaint in two counts and to add another defendant, Bassett Mirror Company, Inc., with a demand for a jury trial, no previous demand having been made.

The proposed amended complaint arises out of the factual circumstances alleged in the original complaint. In count I, plaintiff seeks recovery on the ground of antitrust violations. In count II, he continues the common law count of the original complaint.

Defendant opposes plaintiff's motion for two reasons. First, the plaintiff waived the right to a jury trial at the time he filed the original complaint in December, 1973; secondly, the statute of limitations bars most of the new allegations in the amended complaint with respect to the proposed additional defendant.

These objections will be considered first as they relate to the defendant, and secondly as they relate to the proposed additional defendant.

Federal Rule of Civil Procedure, rule 15(a) provides for the filing of an amended pleading upon leave of court, "and leave shall be freely given when justice so requires". This conclusion was made abundantly clear in a leading

case in which the Supreme Court of the United States wrote:

"[T]his mandate is to be heeded . . . [O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

■ In 5 Moore's Federal Practice, 2d Ed., § 38.41, it is stated:

"But if there has been no general demand and the amendment raises a new issue, then any party has a right to demand a jury trial as to the new issue . . ."

If the proposed amendment is granted, certainly the claim based upon antitrust violations introduces a new issue and entitles either party to demand a jury trial.

It has been stated that: "The authorities are clear that when a party has waived a right to a jury trial with respect to the original complaint and answer by failing to make a timely demand, amendments of the pleadings that do not change the issues do not revive this right." Western Geophysical Co. of America v. Bolt Associates, Inc., 440 F. 2d 765 at 769 (2 Cir.); citing "Roth v. Hyer, 142 F.2d 227 (5th Cir. 1944), cert. denied, 323 U.S. 712, 65 S.Ct. 38, 89 L. Ed. 573 (1944); Moore v. United States, 196 F.2d 906, 908 (5th Cir. 1952) (dictum); Reeves v. Pennsylvania R. R. Co., 9 F.R.D. 487 (D.Del.1949); 5 Moore's Federal Practice, § 38–.41 (2d Ed. 1969)"; see also Lanza v. Drexel & Co., (2d Cir. 1973) 17 F.R.Ser.2d 365; 479 F.2d 1277.

Thus, if the amendment is allowed, the plaintiff has a right to a jury trial on count I. He does not have a right to a jury trial as to count II, the common law count, but it may be granted in the discretion of the court.

In Caltaldo v. E. I. duPont deNemours & Co., the plaintiff's original complaint was in negligence and no jury demand was made. The complaint was amended to state a claim for breach of warranty. The decision of the court was that plaintiff had a *right* to a jury trial on the breach of warranty issue, but not on the negligence issue. Nevertheless, the court exercised its discretion and both issues were presented to the jury (S.D. N.Y.1966) 253 F.Supp. 235.

■ Lanza v. Drexel & Co., *supra,* cited by defendant in the memorandum in opposition to plaintiff's motion to amend is not authority against the granting of the motion. It is authority for the conclusion that there is no *right* to a jury trial if the amended complaint does not inject a new issue.

The court stated:

"If the original complaint is subsequently amended the right to demand a jury trial is revived in an action such as this only if the amendment changes the issues. Western Geophysical Co. of America, Inc. v. Bolt Associates, Inc., 440 F.2d 765, 769 (2d Cir. 1971)." *Supra,* page 1310.

Finding that no new issue is raised the court logically and correctly denied the demand for a jury trial. In the case sub judice, the original complaint is based upon an alleged breach of contract. The proposed amended complaint raises an issue of antitrust violations. Hence, it is clear that a right to demand a jury trial as to that issue exists.

Another case cited by defendant is Bercovici v. Chaplin, 56 F.Supp. 417 (S. D.N.Y.1944). In that case the court allowed an amendment which presented a jury question but denied a jury trial as respects a new count, one of the reasons being that it involved the type of case "with which no jury should be burdened and which the average jury is not equipped, either by training or experience, fairly to try." *Supra,* page 417. No such reason for denying the demand

for a jury trial on the new issue exists in this case.

In Chicago Pneumatic Tool Co. v. Hughes Tool Co., 192 F.2d 620 (10th Cir. 1951), relied upon by defendant, the prayer in the complaint was for injunctive relief to prevent future infringement and damages for past infringement. While the cause was pending in the trial court, the patent expired. Plaintiff then demanded trial by jury. The trial court denied a jury trial on the issue of validity and infringement, and allowed it on the issue of damages. On appeal the court said:

> "It was within the sound judicial discretion of the court to retain equity jurisdiction for the purpose of determining the issues of validity and infringement, and at the same time grant a trial by jury of the issue of damages in the event the patent was first sustained as to validity and infringement." At page 630.

Nothing in that case requires a denial of a jury trial in the instant case with respect to the new issue, nor precludes this court from exercising its discretion and allowing a jury trial on the issues raised in count II in the proposed amended complaint.

The remaining two cases cited by defendant, Anderson v. American Oil Co., 60 F.R.D. 676 (1973) and Williams v. Shipping Corp. of India, 354 F.Supp. 626 (D.C.Ga.1973), do not support the defendant's contention. There is a similar factual situation in both cases and reference will be made specifically to the Williams case. There the plaintiff brought a personal injury action under the admiralty and maritime jurisdiction of the court to recover for injuries allegedly sustained because of unseaworthiness of defendant's vessel. The court denied a proposed amendment made a week before trial, a year after the commencement of the action, and three years after the injury, to add a claim based upon negligence and to allow a jury trial. The court's denial was based

upon the conclusion that allowance of the amendment would prejudice the defendant and delay the trial and that disallowance would not prejudice the plaintiff. Such reasoning does not apply to the facts of the instant case.

■■ Since the issues under count I and count II of the proposed amendment arise out of the same facts, and no prejudice to defendant by such allowance is shown, the court concludes that the allowance of the amendment is consistent with the spirit of the Federal Rules and in accord with the reasoning of the courts in decided cases. Since the amendment is allowed, the court concludes that in the interest of justice and the practicalities of the situation, plaintiff's demand for a jury trial on the first count is granted as a matter of right, and as to the second count as within the discretion of the court.

Defendant objects to the proposed amendment on the ground that claims arising out of the new allegations are barred by the statute of limitations.

■ With respect to count II, the statute of limitations, if it had run since the filing of the original complaint, would be no bar to the allowance of the amendment. Rule 15(c) of the Federal Rules of Civil Procedure provides:

> "(c) Relation back of amendments. Whenever the claim or defense asserted in the amended pleadings arose out of the conduct, transactions, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading . . ." See 3 Moore's Federal Practice, 2d Ed., § 15.15 [3] and cases cited.

Defendant's objection cannot of course relate to count II, which is governed, being a contract action, by the six year statute of limitations in Pennsylvania (12 P.S. § 31; 2 Moore's Federal Practice, 2d Ed., § 3.07(2)).

With respect to count I, the applicable statute of limitations is the limitations

of action section of the Clayton Act, 15 U.S.C. § 15b which provides for a four year period.

Defendant asserts that all of the allegations with respect to Bassett Mirror Company, Inc., proposed additional defendant, took place before July of 1970, and therefore should not be allowed to be filed. In plaintiff's proposed amended complaint it is alleged that the unlawful conspiracy between defendant and proposed additional defendant has continued at least up to the filing of the amended complaint. See paragraphs 5 and 7 of the proposed amended complaint.

In Zenith Radio Corporation v. Hazeltine Research, Inc., 401 U.S. 321, 338, 91 S.Ct. 795, 806, 28 L.Ed.2d 77 (1971), the Court stated:

> "Generally, a cause of action accrues and the statute begins to run when a defendant commits an act that injures a plaintiff's business . . . In the context of a continuing conspiracy to violate the antitrust laws, such as a conspiracy in the instant case, this has usually been understood to mean that each time a plaintiff is injured by an act of the defendants a cause of action accrues to him to recover the damages caused by that act and that, as to those damages, the statute of limitations runs from the commission of the act."

However, under some circumstances as of the date of an act occurring pursuant to a conspiracy, it may be impossible for the injured party to recover damages as to loss of future profits because too speculative. In such a situation, it has been stated by the Supreme Court of the United States:

> "In antitrust and treble-damage actions, refusal to award future profits as too speculative is equivalent to holding that no cause of action has yet accrued for any but those damages

already suffered. In these instances, the cause of action for future damages, if they ever occur, will accrue only on the date they are suffered; thereafter the plaintiff may sue to recover them at anytime within four years from the date they were inflicted . . . Otherwise future damages that could not be proved within four years of the conduct from which they flowed would be forever incapable of recovery, contrary to the congressional purpose that private actions serve 'as a bulwark of antitrust enforcement,' . . . and that the antitrust laws fully 'protect the victims of the forbidden practices as well as the public,' . . . " Zenith Radio Corp. v. Hazeltine Research, Inc., *supra*, at 339, 91 S.Ct. at 806.

■ Even if the statutory period may have run with respect to an act, it is possible that in a trial of the issues and after further discovery, facts could be developed which would estop the defendant from asserting the statute as a defense. Accordingly, it appears that from the standpoint of justice and fairness the allegations objected to should be allowed to remain.

One other question which should be considered is the proposed addition of an additional defendant, Bassett Mirror Company, Inc., in view of defendant's assertion that the allegations regarding such proposed defendant relate to acts occurring more than four years ago, hence would be apparently, barred by the statute of limitations.

■ Normally, in this situation the question would be disposed of by reference to the Federal Rules of Civil Procedure under which the defense of the statute of limitations must be raised as an affirmative defense in a responsive pleading, Fed.R.Civ.Proc. 8(c), and if not, is waived. Fed.R.Civ.Proc. 12(h).

However, in Williams v. Dana Corp., 54 F.R.D. 473 (E.D.Mich.1971), plaintiff's motion to amend the complaint and to add another defendant was denied because the statute of limitations barred any action by the plaintiff against such proposed additional defendant. The court stated:

"It is to be noted that the claim against the [proposed] defendant Union is a separate and independent cause of action from that against Dana, although the factual background is similar with respect to Dana and the Union. It is also difficult for the Rule 15(c)(2) requirement to be met here. Plaintiff named the Dana Corporation as defendant when he filed suit and does not contend there was any mistake in so naming it. He does not contend either that he did not know the identity of the party he now seeks to add as a party defendant. *See* United States, ex rel. Statham Instruments v. Western Cas. & Sur. Co. (CA 6th Cir. 1966) 359 F.2d 521."

In the cited case the court stated at page 523:

". . . As a general rule, an amendment pursuant to Rule 15, Federal Rules of Civil Procedure, relates back only to the matters relating to the original parties of the complaint, or to correct a misnomer or a misdescription of defendant, and not to add or substitute a new party defendant."

■ There is no allegation in the proposed amended complaint that, except for a mistake concerning the identity of the proper party, the action would have been brought against the proposed additional defendant. Accordingly, therefore, if a claim against the proposed defendant has been barred between the time of the filing of the original complaint in this case and the present time, the filing of the proposed amended complaint adding the proposed additional defendant would not relate back. "Indeed, the very purpose of the 1966 Amendment to Rule 15(c) is the protection of the added party's rights by enumerating the conditions that must be satisfied before relation back of the amendment will be allowed." Traveler's Indemnity Co. v. United States, 382 F.2d 103 at 106 (10th Cir. 1967).

In the Michigan case previously referred to, Williams v. Dana Corp., *supra*, in which the court denied plaintiff's motion to amend and add an additional defendant, it was obvious on the facts there alleged that in the interim plaintiff's claim against the third party had become barred by the Michigan statute of limitations.

■ The facts here are entirely different. Here we are dealing with an alleged conspiracy involving the proposed additional defendant which conspiracy is alleged to have continued at least until the filing of the original complaint. Also as previously shown the defense, if one exists, or the existence of facts which would make it inequitable to allow such a defense, are matters between the plaintiff and the proposed additional defendant who can best represent their own individual interests.

The court concludes that, in the interest of justice and fairness, and in accordance with the spirit of the Federal Rules of Civil Procedure, the plaintiff's motion for leave to file amended complaint, with demand for a jury trial, and to add an additional defendant, should be granted.