ANACONDA–ERICSSON, INC., Plaintiff,

v.

AMERICAN DISTRICT TELEGRAPH COMPANY, Defendant.

No. 82 CIV 2120.

United States District Court,
E.D. New York,
Civil Division.

Jan. 23, 1984.

**14**

Grais & Richards, New York City (David J. Grais, New York City, of counsel), for plaintiff.

Kelley, Drye & Watten, New York City (Jeffrey S. Cook, New York City, of counsel), for defendant.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

In July, 1982, plaintiff served a complaint seeking over $100,000 for breach of contract. Defendant's answer and counterclaims, seeking almost $800,000 for plaintiff's breach of contract, were served in September, 1982, as was plaintiff's reply. None of those pleadings contained a demand for a jury trial; and no demand was served within 10 days after service of the reply. *See* Fed.R.Civ.P. 38(b).

In September, 1983, defendant sought leave to amend its answer to assert three new affirmative defenses and counterclaims. The motion was denied, except with respect to the unopposed "Fifth Affirmative Defense/Third Counterclaim." The amended answer was served on November 7, 1983. At this time defendant demanded a trial by jury.[1]

Plaintiff has moved to strike defendant's jury demand in the amended pleading as untimely. Fed.R.Civ.P. 38(d). Defendant has cross-moved for an order that all issues in the case be tried to a jury, Fed.R.Civ.P. 39(b). For the reasons developed below, plaintiff's motion to strike defendant's jury demand is granted and the case will be tried to the Court on all issues.

## FACTS

Plaintiff is a successor by merger to Teltronics Corporation, the New York dis-

1. Because defendant did not specify in its amended answer the issues on which it seeks a jury trial, the demand is presumed to apply to all issues so triable. Fed.R.Civ.P. 38(c); *Rosen v. Dick,* 639 F.2d 82, 90 (2d Cir.1980).

tributor of telephone equipment manufactured by Swedish Ericsson ("LME"). In 1975, Teltronics and defendant entered into a 10-year installment agreement for the sale by Teltronics to defendant of an Ericsson telephone system. The agreement provided that Teltronics would service the system free for 10 years, and gave defendant the option to upgrade its phone system at no additional cost when LME's new line of equipment (the "Ericsson 551") became available in the United States.

Plaintiff instituted this action because of defendant's refusal, since mid-1979, to pay installments due under the sales contract with Teltronics. Defendant answered by asserting four affirmative defenses: (1) failure to state a claim upon which relief may be granted; (2) breach of express warranty relating to the quality of the phone system; (3) breach of a covenant to maintain the system free of charge for 10 years; and (4) breach of a covenant to offer defendant the option to upgrade to the Ericsson 551 system when it became available. Defendant also asserted two counterclaims: (1) failures in the phone system as a result of plaintiff's breach required defendant to spend $176,000 for replacement parts; and (2) those failures eventually required defendant to spend $600,000 to install a replacement phone system.

Defendant's amended answer asserts a new affirmative defense and counterclaim: that LME fraudulently induced defendant to contract with Teltronics by representing to defendant that the LME system was technologically superior to a competitor system which defendant was considering purchasing. For this defendant seeks damages in excess of $800,000. Defendant now demands a jury trial of all issues.

## DISCUSSION

A. *Waiver of the Right to a Jury Trial Under Fed.R.Civ.P. 38*

The question is: What issues, if any, are to be tried to a jury?

■ It is beyond cavil that by failing to make a jury demand within 10 days after the close of the original pleadings, defendant has waived its right to a jury trial as to all issues relating to the general area of dispute, Fed.R.Civ.P. 38(d); *Washington v. New York City Bd. of Estimate*, 709 F.2d 792, 797 (2d Cir.1983); *Lanza v. Drexel*, 479 F.2d 1277, 1310 (2d Cir.1973) (en banc), subject, however, to the Court's discretion to order a jury trial on all issues ordinarily so triable. Fed.R.Civ.P. 39(b). Similarly, it is unquestioned that the amended answer in the case contains a timely demand for a jury trial.

■ Nevertheless, it is well settled that a jury demand asserted for the first time in an amended pleading creates a right to a jury trial only as to new issues of fact raised by the amended pleading. The assertion of new legal theories based on facts previously pleaded will not suffice. *Rosen v. Dick*, 639 F.2d 82, 94–96 (2d Cir.1980). "The authorities are in accord that when the ten-day period of Rule 38(b) has run, an amendment of a pleading which does not introduce new issues will not give rise to the right to demand a jury." *Leighton v. New York, S. & W. R.R. Co.*, 36 F.R.D. 248, 249 (S.D.N.Y.1964) (quoting 5 J. Moore, Federal Practice ¶ 38.41, at 326 (2d ed. 1963)).

The line of demarcation between new issues of fact and new legal theories is often blurred. *Rosen v. Dick, supra*, 639 F.2d at 94–96. Nevertheless, the line must be drawn. It is clear to the Court that defendant's amended pleading raises only a new legal theory, and no new issues of fact.

■ To prove that plaintiff fraudulently induced defendant to enter into the sales contract, defendant must prove: (1) plaintiff made material false representations; (2) plaintiff knew of their falsity at the time he made them; (3) plaintiff intended the defendant to rely upon these misrepresentations; (4) defendant justifiably relied upon them; and (5) this reliance caused defendant's damages. *See Sabo v. Delman*, 3 N.Y.2d 155, 159, 164 N.Y.S.2d 714, 715–16, 143 N.E.2d 906, 907–08 (1957).

While these essential elements appear in paragraphs 42–46 of defendant's amended answer, the facts which undergird the fraud theory are not new. They are all alleged in the original answer in the second, third and fourth affirmative defenses. For example, defendant's allegations in paragraph 42 of its amended answer concerning material false representations about defendant's option to upgrade to the Ericsson 551 System restate the same facts as paragraphs 24 and 26 of the original answer. Similarly, the allegations of scienter, intent, reliance and injury, pleaded in paragraphs 43–46 of the amended answer simply rephrase allegations made in the original answer (*see, e.g.* ¶¶ 14, 15, 20, 25–27). Having raised no new factual issues, defendant is not entitled to a jury trial on its amended pleading. *Rosen v. Dick, supra.*

## B. *Ordering a Jury Trial Under Fed.R. Civ.P. 39(b).*

If a jury trial is not a matter of right, defendant requests the Court to order one under Fed.R.Civ.P. 39(b), which provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Fed.R.Civ.P. 39(b).[2]

The Second Circuit's decision in *Noonan v. Cunard S.S. Co.,* 375 F.2d 69 (2d Cir.1967), makes clear that a party seeking relief from a waiver must explain his failure to seek a jury initially; and that explanation must go beyond mere inadvertence. There is thus "a gloss upon [Rule 39(b)] which a judge could no more disregard than if the words had appeared in the Rule itself." *Id.* at 70. In light of defendant's failure to offer any explanation for its omission of a jury demand in its original answer, I decline to order one now.

**2.** Defendant cites numerous cases in which courts have ordered trial by jury of all issues to avoid the waste created by trying part of a case to a jury and the rest to the court. *Bravman v. Bassett Furniture Indus., Inc.,* 64 F.R.D. 7 (E.D. Pa.1974); *Cataldo v. E.I. DuPont de Nemours &*

For all the foregoing reasons, plaintiff's motion to strike the jury demand in the amended answer is granted, and defendant's motion for an order granting a jury trial on all issues is denied. The parties are hereby ORDERED to appear on January 31, 1984 at 9:30 A.M. to discuss the completion of discovery in this case.

SO ORDERED.

*Co.,* 39 F.R.D. 305 (S.D.N.Y.1966); *Pallant v. Sinatra,* 7 F.R.D. 293 (S.D.N.Y.1945); *Gunther v. H.W. Gossard,* 27 F.Supp. 995 (S.D.N.Y.1939). My holding that defendant is not entitled, as a matter of right, to a jury trial on any issue makes these cases inapposite.