DONNA KELLEY, ET AL., PLAINTIFFS *v.* SECRETARY,
U.S. DEPARTMENT OF LABOR, DEFENDANT

Court No. 85–03–00437

OPINION AND ORDER

(Decided February 20, 1986)

*Donna Kelley, pro se.*

*Richard K. Willard,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, *Platte B. Moring, III,* Civil Division, United States Department of Justice, for defendant.

RESTANI, *Judge:* Defendant has moved for certification of the statute of limitations issue as resolved by the court in Slip Op. 85–132, Court No. 85–03–00437. Before addressing the issue raised here, the court believes clarification of the court's decision on the statute of limitations may be helpful. Defendant asserts in its motion for certification that plaintiff-Kelley, and presumably her co-plaintiffs, did not appear before the Secretary of Labor as a petitioner in the investigation leading to denial of eligibility to apply for trade adjustment assistance. Although this appears from the administrative record to be the case, plaintiffs filed their action with this court to contest the Secretary's denial of the petition for eligibility and, therefore, plaintiff-Kelley and her co-plaintiffs stand in the shoes of the actual peti-

---

[10] The court has considered the remaining contentions of the parties and finds either that they are without merit, or that the court's determination to remand this action makes those contentions either moot, or not appropriate for consideration at this time. *See Ford Motor Co.* v. *NLRB,* 305 U.S. 364, 372–76 (1939) (it is familiar appellate practice to remand causes for further proceedings without deciding the merits, where justice demands that course in order that some defect in the record may be remedied).

tioners.[1] The petition for trade adjustment assistance lists three workers as petitioners and provides the name of the workers' representative by whom the petition was to be filed. Each of these four individuals signed the petition and their respective addresses were provided. Plaintiff alleged and defendant did not deny that Catherine McLeroy, one of the three worker-petitioners, received actual notice of the Secretary of Labor's denial of the petition on February 18, 1985.[2] There has been no indication that any of the other three petitioners received actual notice on an earlier date. Thus, the court determined that February 18, 1985, under the specific circumstances of this case, marks the beginning of the running of the statute of limitations. Thus, although there may be a suggestion in the court's original opinion that plaintiff-Kelley was an actual petitioner, the court concludes that this has no impact on the court's decision in Slip Op. 85–132.

In addition, defendant notes that plaintiff-Kelley knew that the Secretary of Labor's investigation of the petition would probably take six months to complete. That the Department of Labor is apparently unable to comply with the statutory sixty day time period for issuing determinations on such petitions, 19 U.S.C. § 2272 (1982 & Supp. I 1983), may support the need for Congress to amend the requirements of the statute. Informing petitioners of the approximate number of months that an investigation will take to complete, however, is not the same as telling the petitioners exactly when a determination will be issued and is not a substitute for compliance with section 2272. Such a general notification cannot remove the potential procedural consequences of a failure to comply with the statute and relevant regulations concerning notice procedures.

Finally, defendant notes that in *Brunelle* v. *Donovan,* 3 CIT 76 (1982), this court dismissed plaintiff's action for failure to comply with the statute of limitations despite the Secretary of Labor's delinquent issuance of its final determination on the petition for trade adjustment assistance. The court in *Brunelle,* however, did not specifically address the issue of the timeliness of the Secretary's determination and gave no indication that it even considered the issue. Thus, *Brunelle* is not persuasive as to the potential procedural consequences of a late determination.

To certify an issue for interlocutory appeal requires a showing that "a controlling question of law is involved with respect to which there is substantial ground for difference of opinion *and* that an immediate appeal from [the court's] order may materially advance the

---

[1] The statute does not limit the parties entitled to challenge the Secretary of Labor's determination on a petition for eligibility to apply for trade adjustment assistance to those who filed the petition. Rather, the statute provides·

A worker, group of workers, certified or recognized union, or authorized representative of such worker or group aggrieved by a decision of the Secretary of Labor under section 2273 of this title *** may, within sixty days after notice of such determination, commence a civil action in the United States Court of International Trade for review of such determination.

19 U.S C. § 2395(a) (1982).

There has been no question raised as to plaintiff-Kelley's status as a "worker" within the meaning of the statute, and her standing to bring suit is unaffected by whether she was a petitioner.

[2] Plaintiff-Kelley, too, received notice on that date.

ultimate termination of the litigation." 28 U.S.C. § 1292(d)(1) (West Supp. 1985) (emphasis added). Interlocutory appeals are to be used only in those exceptional cases that are likely to require lengthy or expensive proceedings. *See National Corn Growers Association* v. *James A. Baker, III,* 9 CIT 571, Slip Op. 85–119 at 21–22 (Nov. 26, 1985); *C.L. Hutchins & Co., Inc.* v. *United States,* 67 Cust. Ct. 354, 358, C.D. 4297, 334 F. Supp. 188, 191 (1971). Defendant offers no facts to support the claim of the Office of Trade Adjustment Assistance that the court's remand order will require a rather lengthy investigation and the expenditure of more than a minimal amount of government resources. The court is not convinced that the burden imposed on defendant in carrying out the court's remand order, in terms of time or expense, is of such magnitude as to justify certification for interlocutory appeal. *See National Corn Growers,* Slip Op. 85–119 at 22 (indicating certification inappropriate where issues raised do not "portend a protracted trial"); *C.L. Hutchins,* 67 Cust. Ct. at 358, 334 F. Supp. at 191–92 (certification denied where proceedings not likely to be "expensive" or "protracted"). In this case, no trial is called for and the court is unable to conclude from defendant's conclusory statement that compliance with the remand order will require anything but ordinary administrative steps of a not particularly burdensome nature.

The normal course is to let litigation proceed on its own until termination by action of the parties or until a final court decision is reached. Interlocutory appeals have their own potential for delay. Therefore, certification should not be permitted unless the court is convinced that the proceedings sought to be avoided would be protracted or expensive. *See Milbert* v. *Bison Laboratories,* 260 F.2d 431, 433 (3d Cir. 1958) (discussing parallel interlocutory appeal provision applicable to federal district courts) (cited in *Caldwell* v. *Chesapeake & Ohio Railway Co.,* 504 F.2d 444, 446 (6th Cir. 1974); *Kraus* v. *Board of County Road Commissioners,* 364 F.2d 919, 922 (6th Cir. 1966)). Here, the potential for delay in termination of the litigation both in terms of the parties' interests and in terms of judicial economy dictates denial of defendant's motion for certification to file an interlocutory appeal and for stay of the court's order.

