UNITED STATES, PLAINTIFF *v.* DANTZLER LUMBER & EXPORT CO., A FLORIDA CORPORATION (A/K/A DANTZLER LUMBER & EXPORT CO., INC. A/K/A DANTZLER LUMBER AND EXPORT COMPANY A/K/A DANTZLER LUMBER & EXPORT CO. A/K/A DANTZLER LUMBER & EXPORT INC. A/K/A DANTZLER BUILDING SPECIALTIES, INC. A/K/A DANTZLER BUILDING SPECIALTIES DIV, INC.), AND ANTONIO D. GODINEZ, DEFENDANTS

Court No. 90–11–00600

(Dated March 15, 1993)

*Stuart M. Gerson,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, U.S. Department of Justice, Civil Division (*Patricia L. Petty*) for the plaintiff.
*Fotopulos, Spridgeon & Perez, P.A.* (*Thomas E. Fotopulos*) for the defendants.

### MEMORANDUM AND ORDER

AQUILINO, *Judge*: On January 7, 1993, the court entered a second scheduling order to the effect that the parties complete discovery and all pretrial preparations herein on or before March 19, 1993 and then submit a proposed pretrial order in conformity with Slip Op. 92–222, 16 CIT 1050, 810 F.Supp. 1277, (Dec. 15, 1992), along with any suggested questions for veniremen on *voir dire* and any requests to charge the jury selected. In Slip Op. 92–222, familiarity with which is presumed, the court had decided the legal issues raised by both sides *in limine*.

Come now the defendants, praying for certification of that opinion and order for immediate appeal pursuant to 28 U.S.C. § 1292(d)(1).[1] The issues they posit for such certification are stated to be:

1. Whether the definition of "fraud" set forth [in] 19 C.F.R. Part 171, App. B(B)(3), in effect during the years 1984 through 1986, requires the Government to prove a higher level of intent in civil fraud prosecutions under 19 U.S.C. § 1592 than that required for criminal prosecutions under 18 U.S.C. § 541 and/or 18 U.S.C. § 1001;

2. Whether the Government's failure to reliquidate an entry within the time periods set forth in 19 U.S.C. §§ 1514(a), 1520(c), and/or 1521, causes such an entry to be finally and conclusively liquidated in the classification and at the rate and amount of duty charged, or whether the Government may still challenge the classification, rate and amount of duty so liquidated, by filing an action under 19 U.S.C. § 1592 within the time periods set forth in 19 U.S.C. § 1621[; and]

3. Whether a civil fraud prosecution under 19 U.S.C. § 1592, following a criminal prosecution for the same acts under 18 U.S.C. § 541 and 18 U.S.C. § 1001, violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, regardless of the actual penalty imposed in the civil prosecution under 19 U.S.C. § 1592[.]

Defendants' Motion to Certify Interlocutory Order for Appeal Pursuant to 28 U.S.C. § 1292[d](1), pp. 1–2. The argument in support of this motion is in toto as follows:

With respect to the double jeopardy issue, * * * [it] is not only one which would materially advance the ultimate termination of this litigation, but is an issue of great public importance which the U.S. Court of Appeals for the Federal Circuit and the U.S. Supreme Court were unable to review following this Court's decision in *United States v. Valley Steel Products Company,* 729 F.Supp. 1356 (CIT 1990), due to the Chapter 7 bankruptcy of the defendant in that case.

Defendants would respectfully contend that civil fraud prosecutions under 19 U.S.C. § 1592 may never be fairly characterized as "remedial," but are always punitive (i.e. their true purpose is deterrence or retribution), regardless of the actual amount of the penalty imposed by the court.

*Id.* at 2.

---

[1] This section provides in part that when any judge of the Court of International Trade, in issuing an * * * interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.

I

Clearly, an appeal of the kind the defendants would now pursue is not favored. As stated, for example, in *Milbert v. Bison Laboratories, Inc.*, 260 F.2d 431, 433 (3rd Cir. 1958), it is

> quite apparent from the legislative history * * * that Congress intended that § 1292 * * * should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the flood gates to a vast number of appeals from interlocutory orders in ordinary litigation.

*See also C.L. Hutchins & Co. v. United States*, 67 Cust.Ct. 354, C.D. 4297, 334 F.Supp. 188 (1971), and cases cited therein.

The defendants do not show that the above-enumerated issues, each of which was carefully considered in Slip Op. 92–222, warrant review now by the Federal Circuit. Determining whether or not they are "controlling" is inextricably entwined with the statutory requirement that an interim appeal materially advance termination of the litigation. *See, e.g.*, 16 Wright *et al.*, Federal Practice and Procedure § 3930 at 159–60 and n. 12 (1977 & Supp. 1992), and cases cited therein. The defendants fail to meet this burden, which requires a would-be appellant to show that immediate, final resolution of the issues sought to be raised would save time and expense. *Cf. United States v. Kingshead Corp.*, 13 CIT 961, 962 (1989):

> * * * After the final judgment, Kingshead would be able to appeal the entire result in substantially the same time as had the certification been granted. If the Court's decision on the merits is reversed, the subsequent proceedings on this level will take no more time than the proceedings following a successful interlocutory appeal.

*See Marsuda-Rogers Int'l v. United States*, 13 CIT 886, 887 (1989); *C.L. Hutchins & Co. v. United States*, 334 F.Supp. at 192. These cases reflect the widely-held view that interlocutory appeals are inappropriate when they would delay trial. *E.g., Kelley v. Secretary, U. S. Dep't of Labor*, 10 CIT 114, 116 (1986); *Baranski v. Serhant*, 602 F.Supp., 36 (N.D.Ill. 1985); *Gross v. McDonald*, 354 F.Supp. 378 (E.D.Pa. 1973); *Struthers Scientific & Int'l Corp. v. General Foods Corp.*, 290 F.Supp. 122, 130 (S.D. Tex. 1968); *Cataldo v. EL duPont de Nemours & Co.*, 253 F.Supp. 235, 237 (S.D.N.Y. 1966). Here, with trial imminent, the defendants fail to persuade this court that certification would materially advance that process.

Defendants' motion also lacks convincing support for the proposition that the issues they seek to certify are ones for which there is "substantial ground for difference of opinion". The argument that a higher level of intent is required for fraud in civil, as opposed to criminal, actions clearly contravenes teaching on the matter to date. As for the issue of whether the government's failure to reliquidate within its statutory timeframe acts as a bar to seeking penalties under 19 U.S.C. § 1592, the defendants already have had a fair opportunity to make their point in

not one, but two, courts, neither of which accepted it as dispositive. Thus, this too is not an issue which appears to present the requisite potential for difference of opinion. The issue regarding double jeopardy is, perhaps, more open to interpretation. However, that the *Valley Steel* decision was not appealed due to the subsequent bankruptcy of the defendant is not, in itself, an adequate reason to appeal the issue now, and the defendants do not offer any other ground. In short, they have failed to support their position that a basis exists for substantial difference of opinion on the three issues presented in their motion such that immediate consideration by the court of appeals is warranted.

## II

It bears repeating that, if trial proceeds as ordered, the defendants thereafter will have an open avenue for appeal of any adverse judgment. Their motion to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(d)(1) before such time must be, and it hereby is, denied. The schedule established on January 7, 1993 remains in full force and effect.